# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Dana Bauder

**Case Number:** 05-11422

### Document Information

**Description:** Order Denying [10-1] Motion To Dismiss Bankruptcy by Dana Bauder.

**Received on:** 2005-08-11 10:21:26.000

**Date Filed:** 2005-08-11 00:00:00.000

**Date Entered On Docket:** 2005-08-11 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DANA BAUDER,                              No. 7-05-11422 MA

Debtor.

## ORDER DENYING DEBTOR'S MOTION TO DISMISS

THIS MATTER is before the Court on the Debtor's Motion to Dismiss Under 11 U.S.C. § 1307(b) [sic] ("Motion to Dismiss"). Debtor seeks to voluntarily dismiss his chapter 7 bankruptcy proceeding. The Chapter 7 Trustee, Philip J. Montoya, by and through his attorneys of record, Moore & Berkson. P.C., objected to the Motion to Dismiss on grounds that 11 U.S.C. § 1307(b) only establishes the right of chapter 13 debtors to dismiss their voluntary chapter 13 proceedings, and that dismissal of the Debtor's chapter 7 proceeding will prejudice creditors.[1] The Court held a final hearing on the Motion to Dismiss on July 13, 2005 and took the matter under advisement. After considering the relevant statutes and case law in light of the evidence presented at the final hearing on the Motion to Dismiss, the Court finds that the Debtor has failed to demonstrate that dismissal is appropriate. Accordingly, the Court will deny the Debtor's Motion to Dismiss. In reaching this conclusion, the Court FINDS:

1. Voluntary dismissal of chapter 7 proceedings is governed by 11 U.S.C. § 707(a), not 11 U.S.C. § 1307(b) which is applicable to chapter 13 proceedings. 11 U.S.C. § 1307(b) ("On request of the debtor at any time . . . the court shall dismiss a case under this chapter."); *In re Turpen,* 244

---

[1] A chapter 7 case trustee has standing to object to a debtor's request to voluntarily dismiss his or her chapter 7 bankruptcy proceeding. *In re Stephenson,* 262 B.R. 871, 873 n.1 (Bankr.W.D.Okla. 2001).

1

B.R. 431, 434 (8th Cir. BAP 2000) (noting that although § 707(a) "does not expressly refer to a voluntary dismissal by the debtor, courts commonly conclude that it does apply to such a motion.") (citations omitted).

2. "Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case." *Id.* (citations omitted). *See also, In re Cohara,* 324 B.R. 24, 27 (6th Cir. BAP 2005) (noting that the debtor does not enjoy the absolute right to voluntarily dismiss a chapter 7 petition) (citing *Bartee v. Ainsworth (In re Bartee),* 317 B.R. 362, 366 (9th Cir. BAP 2004)); *In re Stephenson,* 262 B.R. 871, 873 (Bankr.W.D.Okla. 2001) (noting that "[d]ebtors should be cautioned that although they have an absolute right to file a bankruptcy petition, there is no absolute right to dismiss it.").

3. Dismissal pursuant to 11 U.S.C. § 707(a) can be granted only after notice and a hearing and only upon a showing of "cause." 11 U.S.C. § 707(a).

4. When a debtor seeks to voluntarily dismiss a chapter 7 proceeding, in order to prevail "the debtor must make a showing of cause and demonstrate why dismissal is justified." *Turpen,* 244 B.R. at 434 (citing *In re Haney,* 241 B.R. 430, 432 (Bankr.E.D.Ark. 1999) (remaining citation omitted).

5. Even if the debtor can otherwise demonstrate cause for dismissal, dismissal should not be granted "if there is any showing of prejudice to creditors." *Id. See also, Cohara,* 324 B.R. at 28 ("A core issue in determining whether the Debtor has established cause is whether the dismissal will prejudice the creditors.") (citing *Stephenson,* 262 B.R. at 874); *In re Klein,* 39 B.R. 530, 531 (Bankr.E.D.N.Y. 1984) (stating that "a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no legal prejudice to interested parties.") (citations omitted).

6. Debtor asserts that after friends and relatives found out about his bankruptcy they agreed to

contribute funds to assist him in paying his creditors, and that he seeks to dismiss his voluntary Chapter 7 petition so that he can keep his good credit.

7. "[T]he ability of a debtor to pay his debts does not constitute cause for dismissal." *In re Foster,* 316 B.R. 718, 721 (Bankr.W.D.Mo. 2004) (citing *Turpen,* 244 B.R. at 434). *See also, Stephenson,* 262 B.R. at 875 (discussing the legislative history of § 707(a) which states that "'[t]he section does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause of dismissal.'") (quoting H.R.Rep. No. 95-595, at 380 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5963, 6336; S.Rep. No. 95-989, at 94 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5880).

8. Even though an ability to repay debts does not serve as sufficient cause for dismissal, in this case, there is no evidence other than the Debtor's testimony that his friends and relatives are willing to help him pay his creditors that the Debtor will, in fact, be able to repay his creditors if the case is dismissed. *Cf. In re Hopkins,* 261 B.R. 822, 823 (Bankr.E.D.Pa. 2001) (noting that even though a debtor's ability to repay does not, on its own, constitute "cause" for dismissal, the debtor's testimony "cast doubt on the debtor's ability to repay creditors.").

9. Although this case was filed as a "no asset" case, the § 341 meeting of creditors has not been concluded and the case trustee has been investigating whether there may be any value in an auto dealership that the Debtor reported on his statements and schedules that he operated for a certain period of time. In addition, the United States Trustee has requested additional time within which to file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727. *Cf. Turpen,* 244 B.R. at 434 (noting that among the factors courts generally consider when ruling on a debtor's motion to

3

voluntarily dismiss a chapter 7 proceeding is "whether an objection to discharge, an objection to exemptions, or a preference claim is pending.") (citations omitted).

10. Debtor asserts that he has no interest in the business, that he signed all of his rights in the business over to a newly formed corporation, and that his brother now runs the business. Conflicting evidence concerning the status of the business and the Debtor's interest in it at the time he filed his petition was presented at the final hearing on the Motion to Dismiss.

11. If this proceeding were dismissed, creditors could be prejudiced because the trustee's investigations into whether the Debtor has any interest in the assets of the automobile dealership that could be recovered and liquidated for benefit of the estate will cease. Following dismissal, creditors will lose the potential for payment on their claims through an orderly liquidation of any assets of the estate recovered by the trustee. It is possible that the Debtor has no interest in the business, and that the trustee's investigations will yield no recovery of estate assets for the benefit of creditors. However, dismissal at this stage in the proceedings, given the inconsistent evidence as to the status of the business at the time the Debtor filed his bankruptcy petition, would be premature.

12. Because of the potential detriment to creditors if the case were dismissed, Debtor has failed to make a sufficient showing of "cause" for voluntary dismissal of his case under 11 U.S.C. § 707(a).

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Dismiss is DENIED.

/s/ Mark B. McFeeley
MARK B. McFEELEY
United States Bankruptcy Judge

4

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

Ronald E. Holmes
Attorney for Debtor
112 Edith Blvd NE
Albuquerque, NM 87102 -3524

George Moore
Attorney for Chapter 7 Trustee, Philip J. Montoya
PO Box 216
Albuquerque, NM 87103 -216

Alice Nystel Page
Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

5